UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **BRIAN KEITH SCOTT**<br>    **LA. DOC #328025**<br>**VS.** | **CIVIL ACTION NO. 5:11-cv-0716**<br><br>**SECTION P**<br><br>**JUDGE S. MAURICE HICKS** |
| **JUDGE DONALD E. WALTER,**<br>**ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Brian Keith Scott, proceeding *in forma pauperis*, filed the instant civil action on May 2, 2011. Plaintiff, an inmate in the custody of Louisiana's Department of Public Safety and Corrections, is incarcerated at the Louisiana State Penitentiary, Angola. He complains that prior civil actions he filed in the United States District Court were erroneously dismissed by Judge Donald E. Walter and Magistrate Judge Mark Hornsby. He sues Judge Walter and Magistrate Judge Hornsby[1] and prays for money damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** in accordance with the provisions of 28 U.S.C. §1915 and §1915A.

*Background*

On October 23, 2008, plaintiff, who was then incarcerated at the David Wade Correctional Center, Homer, Louisiana, filed a civil rights complaint alleging the denial of prompt and appropriate medical care. On November 6, 2009, United States Magistrate Judge Mark Hornsby recommended

---

[1] He also implies in subsequent pleadings that United States District Judge S. Maurice Hicks erroneously dismissed one of his civil actions; however, he has not specifically identified Judge Hicks as a defendant. As is shown more fully below, his request to recuse Judge Hicks was denied.

dismissal of the complaint as frivolous. On November 25, 2009, United States District Judge Donald Walter adopted the recommendation of the Magistrate Judge and rendered judgment dismissing the complaint as frivolous. *Brian Keith Scott v. David Wade Correctional Center, et al.*, Civil Action No. 5:08-cv-1601 at Docs. 22 (Report and Recommendation) and 26 (Judgment).

Meanwhile, on June 17, 2009, plaintiff filed another civil rights complaint alleging various additional violations of his constitutional rights while he was incarcerated at David Wade Correctional Center. On June 29, 2010, Magistrate Judge Hornsby recommended dismissal of this action as frivolous and on July 21, 2010, United States District Judge S. Maurice Hicks adopted the report and ordered dismissal of the action as frivolous. *Brian Keith Scott v. Jerry Goodwin, et al.*, Civil Action No. 5:09-cv-1032 at Docs. 39 (Report and Recommendation) and 44 (Judgment).

On May 2, 2011, plaintiff commenced the instant litigation by filing a hand-written *pro se* pleading entitled "Administrative Procedure Act." Therein plaintiff claimed that he was "... aggrieved by action of the Western District Court of Shreveport, La. 71101 which I plaintiff Brian Scott submitted a claim to the mention court ... whereby this Western District Court dismissed plaintiff Brian Scott legal claim without facilitating the 'cause of action' without adequate facilitation ... the Western District Court of Shreveport, La. did not answer 'pleading' which was submitted October 2, 2009..." The rambling incoherent pleading implied that plaintiff was entitled to judgment in the amount of $178,000.00 based upon the defendants' dismissal of his prior civil actions as frivolous. [Doc. 1]

On May 17, 2011, plaintiff was advised that his complaint was deficient because (a) he did not use the appropriate forms for submitting a prisoner civil rights complaint and, (b) he failed to either submit the filing fee or to properly apply for *in forma pauperis* status. Plaintiff was advised that his failure to cure these deficiencies would result in the dismissal of his action. [Doc. 5] In

2

response, plaintiff submitted another deficient motion to proceed *in forma pauperis*. [Doc. 7] Thereafter, plaintiff submitted various hand-written, rambling, and incoherent pleadings.[2]

On June 16, 2011, plaintiff was again directed to submit his pleadings on the appropriate form and to either pay the full filing fee or submit a properly executed application to proceed *in forma pauperis*. [Doc. 10] On July 27, 2011, plaintiff was again ordered to cure the deficiencies of his suit. [Doc. 17] On August 25, 2011, he filed a "Notice of Motion for Continuance" requesting an additional seven days within which to comply with the order directing him to cure deficiencies. [Doc. 22] On August 29, 2011, his motion was granted and he was given until September 6, 2011, to cure the deficiencies previously noted. He was again advised of the consequences of his failure

---

[2] On June 8, 2011, he filed another rambling, hand-written pleading entitled "Initial Pleading, State of Uncontroverted Facts" which implied that his prior civil actions were wrongly dismissed and that he was entitled to judgment in the amount of $207,000 from the defendants. [Doc. 8] On June 15, 2011, plaintiff filed a "Notice of General Release" [Doc. 11], a "Notice of Statutory Offer of Settlement" [Doc. 12] and a "Notice of Motion to Freeze Saving Account" [Doc. 13]. On July 25, 2011, he submitted a "Motion for Deposit" in which he implied that Judge Walter and Magistrate Judge Hornsby owed him $178,000 "for the monetary loss of the lawsuits and compensation of the saided [sic] sums to insure the lawsuit, if render to plaintiff ... favor this judgment." [Doc. 15] On August 1, 2011, he filed a "Notice of Motion for Exection" which implied that he was entitled to a default judgment against the defendants in the amount of $178,000. [Doc. 18] On August 3, 2011, he submitted a proposed "Order" seeking to have the Court order the defendants to respond to his complaint. [Doc. 19] On August 15, 2011, he filed a "Notice of Motion Presenting a Harmless Error", the purpose of which remains unclear. [Doc. 20] On August 18, 2011, plaintiff submitted an "Affidavit Admission to the Bar." [Doc. 21] On August 29, 2011, plaintiff submitted a "Motion Issue Memoranda Order." [Doc. 24] On September 6, 2011, he filed a "Motion to Amend A Supplement to Memorandum Order." [Doc. 25] On the same date plaintiff filed a "Notice of Motion for Summary Judgment From Initial Pleading." [Doc. 26]  On September 12, 2011, he filed a "Motion Requesting Nominal Damage by Summary Judgment of Pleading." [Doc. 28] On September 26, 2011, plaintiff filed a "Motion for Conflict of Interest" seeking to recuse Judge Hicks. [Doc. 31] On the same date plaintiff filed a "Motion Process of Service." [Doc. 32] On September 29, 2011, Judge Hicks construed plaintiff's "Motion for Conflict of Interest" as a Motion for Recusal and denied it.  [Doc. 35] On October 12, 2011, plaintiff requested various law books. [Doc. 36]

to abide by the order. [Doc. 23] On September 12, 2011, he filed an application to proceed in forma pauperis;, however, he did not provide a statement of accounts from the prison. [Doc. 27] On September 19, 2011, plaintiff submitted the statement of the prison's accounts officer and thus completed his *in forma pauperis* application. [Doc. 29] On September 29, 2011, the undersigned signed an order allowing plaintiff to proceed *in forma pauperis*. [Doc. 34]

## Law and Analysis

### 1. Screening

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C. §1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A district court may dismiss a prisoner's civil rights complaint pursuant to §1915(e)(2)(B) based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

Despite multiple orders to do so, plaintiff has not submitted his complaint on the form required by Local Court Rule 3.2. Nevertheless, plaintiff's pleadings provide the general outline of his theory of liability with respect to the defendants. Further amendment would serve no legitimate purpose. Plaintiff's complaint may be resolved on initial review.

### 2. Judicial Immunity

Plaintiff sues Magistrate Judge Hornsby and Judge Walter claiming that they erroneously dismissed a civil action filed in the United States District Court for the Western District of Louisiana. He implies that Magistrate Judge Hornsby and Judge Hicks likewise erred and are thus liable for damages as a result of their orders which resulted in the dismissal of a second civil action

filed in the Western District.

It is well settled that "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994); *Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir.1995) (*per curiam*); *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir.1993), abrogated on other grounds by *Arvie v. Broussard*, 42 F.3d 249 (5th Cir.1994). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S.Ct. 1099, 1106, 55 L.Ed.2d 331 (1978); *Brandley v. Keeshan*, 64 F.3d 196, 200-201 (5th Cir.1995), *cert. denied*, 516 U.S. 1129 (1996). Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' " *Id.* at 10, 112 S.Ct. 286 (citation omitted). Judicial immunity is a matter of policy and is necessary because a judge "... should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption [and] [i]mposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation." *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967). Consequently, judicial immunity cannot be overcome even by allegations of bad faith or malice; such immunity "applies even when the judge is accused of acting maliciously and corruptly." *Id.* at 11, 112 S.Ct. 286 (internal quotation marks and citation omitted). In determining whether a judge is entitled to immunity, "[i]t is the Judge's actions alone, not intent, that we must consider." *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir.1993).

Judicial immunity can only be defeated by showing that the judge's actions were of a non-judicial nature or that he acted in the complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991). In determining whether the complained of actions were non-judicial in nature, that is to say, whether the judge acted outside the scope of his judicial capacity, the court should consider a variety of factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *Malina*, 994 F.2d at 1124 (citation omitted). These factors must be broadly construed in favor of immunity. *Id.*

Courts use the "functional" approach in deciding whether an act is judicial for purposes of immunity. *Cleavinger v. Saxner*, 474 U.S. 193, 201-02, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985). The issue of "immunity analysis rests on the status of the defendant. Absolute immunity flows not from rank or title or 'location within the Government,' but from the nature of the responsibilities of the individual official." *Id.* In deciding whether absolute judicial immunity applies, a court should consider the nature of the act taken, namely whether it is a function normally performed by a judge, and the expectations of the parties, namely whether they dealt with the judge in his judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

Plaintiff faults Judge Walter and Magistrate Judge Hornsby (and by implication Judge Hicks) and implies that their judgments dismissing Civil Actions Nos. 5:08-cv-1601 and 5:09-cv-1032 as frivolous were erroneous. Clearly plaintiff faults the defendants for actions of a purely judicial nature. Therefore, plaintiff's complaint must be dismissed with prejudice since he seeks judgment against defendants who are immune from suit.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** in accordance with the provisions of 28 U.S.C. §1915 and §1915A because he seeks money damages from defendants who are immune from suit;

**IT IS FURTHER RECOMMENDED THAT** all outstanding Motions be **DENIED.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, January 31, 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE